### BOGERT et al. v. SOUTHERN PAC. CO.

(District Court, E. D. New York. November 6, 1922.)

Corporations ⚮575—Right to dividends held not necessarily involved in suit by minority stockholders to obtain stock in reorganized company.

In a suit by minority stockholders to require delivery to them of stock of a reorganized company by the majority stockholder, which holds all the stock, in which it has been determined that they are entitled to such stock on payment of their proportionate share of the amount expended to effect the reorganization, their right to dividends from earnings of the reorganized company in the hands of defendant, but from which dividends have not been declared, is not necessarily involved, but may be more appropriately litigated in a suit by complainants after they have received their stock, to which the reorganized company is made a party.

In Equity. Suit by Henry L. Bogert and others, as executors, etc., and others, against the Southern Pacific Company. On motion to complete to date account of alleged earned net profits and alleged undeclared dividends in hands of defendant. Denied.

Dittenhoefer, Gerber & James, of New York City (H. Snowden Marshall and Dudley F. Phelps, both of New York City, of counsel), for plaintiffs.

Larkin, Rathbone & Perry, of New York City (Gordon M. Buck, of New York City, of counsel), for defendant.

CHATFIELD, District Judge. Plaintiffs, as minority stockholders, claim an accounting by the defendant of sums deposited with the defendant by the Houston & Texas Central Railroad, of which the defendant is majority stockholder, and as such bound by final decree to account for and deliver to the minority their stock, now in the hands of the defendant, on proper terms. The court must determine the amount to be paid by the plaintiffs, and the credits to be allowed by the defendant, and these alleged undeclared dividends would make a large item.

It appears that the Southern Pacific Company, holding all and owning a majority of the stock of the Houston & Texas Central Railroad Company, in which they have been held to be legally minority stock⁻

---

⚮For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

holders entitled to receive their proportionate part of the stock, upon payment of their proportionate share of the expense of acquiring the same, has received all of the so-called surplus of the Houston & Texas Central Railroad Company since at least the year 1913, and has, through the books of the Southern Pacific System, credited the Houston & Texas Central Railroad Company with these various amounts of surplus, allowing interest thereon and in turn charging the Houston & Texas Central Railroad Company with such items of expense as have been deemed proper charges for that purpose by the Southern Pacific Company. It appears that according to the books of the Southern Pacific Company a balance has been struck, and that up to the present application the charges against the Houston & Texas Central Company, including the dividends paid up to 1916, have exceeded the sum of the amounts turned over to the Southern Pacific System as surplus from year to year. The net deficit or balance in favor of the Southern Pacific Company is small.

Both parties contend that sufficient facts have been shown to dispose of this motion without first ordering a reference to go into exact figures, and the court feels this to be true. The Southern Pacific Company claims, on the one hand, that the minority stockholders of the Houston & Texas Central Railroad Company, when they receive the stock to which they are entitled under the decree in the present action, will have the right to demand an accounting in the proper court from the Southern Pacific Company of these various items of credit and debit, and the Houston & Texas Central Railroad Company is a necessary and proper party, even though controlled by the defendant.

It is also claimed by the Southern Pacific Company that the minority stockholders cannot, by motion in the present action, seek to obtain this accounting, with the further result, desired by the minority stockholders, of being paid undeclared, but earned, dividends out of the surplus, and thus throwing upon the Southern Pacific Company the burden of collecting from the Houston & Texas Central Railroad Company such sums as should have been paid by it, rather than paid out of the funds of the Southern Pacific Company itself. Further it appears that some $4,000,000 has been used to retire bonds of the Houston & Texas Central Railroad Company, and as stockholders the plaintiffs have benefited by this and the equity of their railroad increased.

The surplus shown by the various public published reports and statements from year to year of the amounts turned over to the Southern Pacific Company and entered by it to the credit of the Houston & Texas Central Railroad Company, on which it allows interest, cannot be disputed; but, unless it can be shown that it has been used by the defendant as dividends would be used when declared, there can be no direct apportionment or repayment to the plaintiffs of their proportionate share.

The plaintiff urges as evidence the declaration of dividend prior to 1916, under which $2,000,000 were paid to the Southern Pacific Company as holder of the entire stock of the Houston & Texas Central Railroad Company; it appearing from the general totals of the

filed statements that the Southern Pacific Company had received each year various amounts credited to the Houston & Texas Central Railroad Company as surplus, and that at that time the Southern Pacific Company did not offset the debts which it claimed the right to charge against the Houston & Texas Central Railroad Company, but, leaving them as outstanding obligations and without going into the question of net earnings, paid the dividends referred to out of the admittedly earned surplus, it therefore, as the plaintiffs contend, implied that this surplus was over and above all property held or needed to meet all obligations. In other words, the declaration of the dividends before 1916 is claimed by the plaintiffs to show that the Southern Pacific Company treated this surplus as a dividend, and estimated the property of the Houston & Texas Central Railroad Company at a value sufficient to pay these obligations without diminishing the surplus, but that, since this suit gave them warning, a different plan has been followed.

Following this line of reasoning, the plaintiffs would have the right now to compel the declaration of a dividend, from any earned surplus which was being held over and above the property needed to pay outstanding obligations, and which could be declared by this court to be in reality undeclared, but paid, dividends. An accounting would be the only way in which the amount of this surplus could be fixed, if it were desirable to bring in and to settle all matters of litigation between the plaintiffs and the defendant, the Southern Pacific Company, in the present action.

If the facts alleged were conclusive of the claim that the amount paid over to the defendant was in reality all dividends, the presence of the Houston & Texas Central Railroad Company would not be necessary (other than as a witness) in determining the shares of the minority stockholders. But, before any such finding can be made, proof must be taken, the Houston & Texas Central Railroad Company must be shown to have earned dividends, and on that hearing the Houston & Texas Central Railroad Company would be a necessary party.

The plaintiff cites the case of Southern Pacific Co. v. John Z. Lowe, Jr., Collector, etc., 247 U. S. 330, 38 Sup. Ct. 540, 62 L. Ed. 1142, in which it was held that the net surplus of earnings of the Central Pacific, which have been declared as dividends, but which had been deposited with the Southern Pacific Company, were taxable as income when earned, and could be treated in the same way in which the amount involved would have been treated, if in the hands of the company as declared, but unpaid, dividends. A similar proposition is set forth in the case of Central of Georgia Ry. Co. v. Central Trust Co., 135 Ga. 472, 69 S. E. 708, in which moneys turned over absolutely, as if a dividend, should be treated as dividends in the hands of the defendant, the sole stockholder.

But a statement of the principles involved in those cases does not determine the right of the plaintiffs in this action to have similar relief granted to them, nor does a denial of that relief necessarily determine that the plaintiffs are not entitled to these rights. This ac-

tion involves the turning over to the plaintiffs of certain shares of stock, which the defendant, Southern Pacific Company, has been holding, and which the court has decided it must deliver to the plaintiffs upon payment of the amount which each share of stock should be held responsible for out of the amount expended in the acquisition of the stock itself.

If dividends had been declared, as they were prior to 1916, and paid to the Southern Pacific Company as majority stockholder, then the amount of these dividends, with interest, would have to be accounted for by the Southern Pacific Company, and could be used as a set-off against the amount which the plaintiffs must now pay for their stock. In this sense, any amount which should have been declared as dividends, and which is in the hands of the Southern Pacific Company to deal with as its own, could be ascertained, and the plaintiffs might have the right to use this amount as a further set-off against the sum which they must pay in order to acquire their stock.

But it does not seem that the Supreme Court in its decree intended to continue this litigation interminably, nor that necessarily all causes of action between two parties must be consolidated in one suit. Nor on the facts shown is such a reference advisable. The present equity rule 30 (201 Fed. v, 118 C. C. A. v) has never been construed to mean that all suits between two parties must be consolidated under one title, or that the trial of an original suit must be delayed until the defendant can bring in every other possible matter of litigation, nor does the present situation lead the court to feel that an alleged cause of action for an independent source of income, to which the plaintiffs claim they are entitled, and for which as minority stockholders they have an appropriate remedy, need necessarily be tried as a part of the accounting under this cause of action, in which the plaintiffs have prevailed, as to the matters not requiring outside litigation. There is no necessity in this action of ascertaining how the plaintiffs may be enabled to pay for the stock which they are to receive upon making certain payments therefor.

It is no more necessary to determine whether the plaintiffs are entitled to additional dividends, in order to pay for the stock which they are to receive, than it would be to ascertain whether some one of the plaintiffs might recover on a charge of negligence against the Southern Pacific Company, arising out of an accident to the plaintiff as a passenger. The plaintiffs allege that the position of the defendant in contending that the Southern Pacific Company has at all times run the Houston & Texas Central Railroad Company at a loss is ridiculous, and that by the very nature of the situation a presumption arises in plaintiffs' favor; but evidently there is some evidence to be heard in rebuttal of the presumption, and the plaintiffs' other rights do not prove the right to an accounting at the present time for the sums demanded as dividends.

Motion for a further accounting will be denied, without prejudice to the rights of the minority stockholders to seek such accounting, or to urge their claims to the funds in question, in any way or in any court having jurisdiction thereof.